UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SATISH EMRIT,

        Plaintiff,

v.

THE GRAMMY AWARDS ON CBS,

        Defendant.
_____/

Case No. 1:23-cv-953

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Ronald Satish Emrit against "The Grammy Awards on CBS d/b/a The Recording Academy/National Academy of Recording Arts and Sciences (NARAS)". *See* Compl. (ECF No. 1). For the reasons set forth below, this action should be dismissed.

    **I.**    **DISCUSSION**

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

"Since at least 2013, Plaintiff Ronald Satish Emrit ("Emrit") has been a serial filer of frivolous actions in federal courts throughout the United States." *Emrit v. DeVos*, No. 8:20-CV-773-T-60TGW, 2020 WL 9078298 at *1 (M.D. Fla. April 20, 2020). In this lawsuit, Emrit has identified himself as an indigent, disabled, unemployed resident of the States of Florida and Maryland. Compl. at PageID.2. Here, Emrit apparently wants $45,000,000.00 from defendant "The Grammy Awards on CBS" for violation of the Civil Rights Act of 1964 (Title VII) and an injunction to reinstate his Grammy membership. *Id*. at PageID.1,4- 5. That being said, Emrit also cites the Americans with Disabilities Act of 1990 and a laundry list of federal constitutional

provisions (the Equal Protection Clause, the Due Process Clause, the Fourth Amendment, and the Privileges and Immunities Clause). *Id*. at PageID.4. The basis of plaintiff's claim appears to be that "Robert Accatino of the Los Angeles chapter of the Grammy Awards ended the plaintiff's membership in the Grammys in 2010" and that "plaintiff recently contacted the Grammys expressing his desire to re-join the Grammy Awards and to take his Ukranian fiancé to the Grammy Awards." *Id*. at PageID.5. While plaintiff demands $45,000,000.00 in damages, he also claims that the amount in controversy is "$0". *Id*. at ¶ 15, PageID.5.

Plaintiff's rambling, non-sensical complaint contains language which appears to have been cut and pasted from other lawsuits. *See, e.g.*, *id*. at ¶ 11, PageID.4 ("Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Western Michigan (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas."). In this regard, the complaint omits ¶¶ 20 through 29 (*id*. at PageID.5) and includes random allegations such as ¶ 34 which states that "Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the plaintiff also had litigation in 2019 and 2020 against The National Football League (NFL), Daniel Snyder, and Washington Redskins in which the Washington Redskins are now known as having a different mascot as 'Washington Commanders.'" (*id*. at PageID.6). In summary, this is a frivolous filing which states no facts to support a federal cause of action against defendant.

Finally, Emrit has filed an interlocutory appeal (ECF No. 6) which states, among other things, that "his reputation is better" than Supreme Court Justices Samuel Alito, Clarence Thomas, and Brett Kavanaugh. The notice of interlocutory appeal does not address any order entered in this lawsuit.

## II. RECOMMENDATION

Accordingly, for all of these reasons, I respectfully recommend that Emrit's lawsuit be **DISMISSED**.

Date  October 13, 2023           /s/ Ray Kent
                                 RAY KENT
                                 U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).